ACCEPTED
01-14-00687-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 3:17:39 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-00687-CV

IN THE
FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/9/2015 3:17:39 PM

CHRISTOPHER A. PRINE
Clerk

**THE BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON, INC., THE BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON EDUCATION FOUNDATION, DAN PARSONS, CHRIS CHURCH, CHURCH ENTERPRISES, INC., GARY MILLESON, RONALD N. MCMILLAN, D'ARTAGNAN BEBEL, MARK GOLDIE, CHARLIE HOLLIS, AND STEVEN LUFBURROW,**

*Appellants,*

**v.**

**JOHN MOORE SERVICES, INC. AND JOHN MOORE RENOVATION, LLC,**

*Appellees.*

**APPELLANTS' OBJECTIONS TO CONSOLIDATION OF RELATED CASES FOR SUBMISSION**

Lauren B. Harris
Texas Bar No. 02009470
lharris@porterhedges.com
Jeffrey R. Elkin
Susan K. Hellinger
M. Harris Stamey
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6624
Facsimile: (713) 226-6224

*Attorneys for Appellants*

**TO THE HONORABLE FIRST COURT OF APPEALS:**

Appellants The Better Business Bureau of Metropolitan Houston, Inc., The Better Business Bureau of Metropolitan Houston Education Foundation, Dan Parsons, Chris Church, Church Enterprises, Inc., Gary Milleson, Ronald N. McMillan, D'Artagnan Bebel, Mark Goldie, Charlie Hollis, and Steven Lufburrow (collectively "the Houston BBB") file this response to the Court's March 5, 2015 order advising of its intent to consolidate the submission of this case with Cause no. 01-14-00906-CV, *John Moore Services, Inc. and John Moore Renovation, LLC v. The Better Business Bureau of Metropolitan Houston, Inc.*, in the First Court of Appeals, and would respectfully show the Court as follows:

**A.     Factual Background**

This Court previously considered the Houston BBB's interlocutory appeal of a trial court order denying its motion to dismiss the lawsuit of Appellees John Moore Services, Inc. and John Moore Renovation, LLC (collectively "John Moore").  The Houston BBB's motion was filed pursuant to the Texas Citizens' Participation Act ("TCPA"), a statute that protects defendants from meritless litigation designed to chill the exercise of free speech.  *See* TEX. CIV. PRAC. & REM. CODE § 27.001 *et seq*.  In an opinion issued in July 2013, this Court reversed the denial of the Houston BBB's motion to dismiss and remanded the case to the trial court for consideration of sanctions and attorneys' fees.  *See Better Bus.*

*Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.,* 441 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (hereafter, "the first case"). On remand, the trial court awarded the Houston BBB attorneys' fees and assessed sanctions against John Moore. CR1102-06.

While the first case was pending in the Texas Supreme Court, however, John Moore filed this second lawsuit against the Houston BBB based on the same facts and events, naming as defendants the Houston BBB's individual directors and officers (hereafter, "the second case"). CR7-32. The Houston BBB once again filed a motion to dismiss the lawsuit under the TCPA, but the trial court granted the motion after the statutory time period. *See* TEX. CIV. PRAC. & REM. CODE §27.005(a). Therefore, the Houston BBB filed this interlocutory appeal to challenge the denial by "operation of law" under the TCPA of its motion to dismiss. *Id.* at §27.008. All the briefing in the case has been completed, and oral argument is presently set in this case for March 31, 2015.

Meanwhile, John Moore has also appealed the final judgment in the first case awarding the Houston BBB attorneys' fees in the amount of $250,001.44 and sanctions in the amount of $6,000. CR1102-06. John Moore filed the appeal in November 2014, and the clerk's record was filed in December 2014. However, the reporters' record has not yet been filed, and is not due to be filed until March 12, 2015. Because the merits of that dispute have previously been addressed by this

Court, the only challenge that John Moore can potentially raise in the first case is to the amount of attorneys' fees and sanctions.

## B.    Objections to Consolidation

Although the two cases are based on the same facts and events, the issues on appeal and the status of the appeals are different, so the Houston BBB objects to their consolidation for submission. Combining these cases will only serve to further delay the resolution of this case. This case is fully briefed and ready for submission. It involves the issue of whether the Houston BBB is entitled to dismissal on the merits based on the TCPA, an issue this Court has already considered and addressed. This matter is also an accelerated appeal entitled to priority. *See* TEX. R. APP. P. 28; TEX. CIV. PRAC. & REM. CODE §27.008(b).

On the other hand, the first case is an appeal from a final judgment, not entitled to an accelerated schedule. The reporters' record has not yet been filed, and no briefs have been filed. Since this Court has already adjudicated the merits of the first case, the issues in that appeal will be limited to John Moore's challenge to the amount of attorneys' fees and sanctions awarded against it. This is an issue that can be decided on the briefs without the necessity of oral argument. As a result, it is not necessary to delay the resolution of the merits of the dispute in the second case to consider the separate attorneys' fees issue in the first case.

Even if these two cases were consolidated for submission, this matter would not be fully resolved. If John Moore is successful in this appeal, this case will proceed in the trial court on the merits. If the Houston BBB is successful in achieving a dismissal on the merits, the case will still have to be remanded for the consideration of attorneys' fees and sanctions. In short, any consolidation of the two pending appeals will not result in a full resolution of this dispute. Consequently, the interests of judicial economy will not be served by any consolidation of these cases for submission. It will only serve to delay the resolution of this dispute.

WHEREFORE, Appellants The Better Business Bureau of Metropolitan Houston, Inc., The Better Business Bureau of Metropolitan Houston Education Foundation, Dan Parsons, Chris Church, Church Enterprises, Inc., Gary Milleson, Ronald N. McMillan, D'Artagnan Bebel, Mark Goldie, Charlie Hollis, and Steven Lufburrow respectfully request that the Court decline to consolidate this case with cause no. 01-14-00906-CV for submission purposes.

Dated: March 9, 2015.

Respectfully submitted,

**PORTER HEDGES LLP**


By:   */s/ Lauren Beck Harris*
     Lauren B. Harris
     Texas Bar No. 02009470
     lharris@porterhedges.com
     Jeffrey R. Elkin
     Texas Bar No. 06522180
     Susan K. Hellinger
     Texas Bar No. 00787855
     M. Harris Stamey
     Texas Bar No. 24060650
     1000 Main Street, 36th Floor
     Houston, Texas 77002
     Telephone: (713) 226-6624
     Facsimile: (713) 226-6224

     **ATTORNEYS FOR APPELLANTS THE BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON, INC., THE BETTER BUSINESS BUREAU OF METROPOLITAN HOUSTON EDUCATION FOUNDATION, DAN PARSONS, CHRIS CHURCH, CHURCH ENTERPRISES, INC., GARY MILLESON, RONALD N. MCMILLAN, D'ARTAGNAN BEBEL, MARK GOLDIE, CHARLIE HOLLIS, AND STEVEN LUFBURROW**

## CERTIFICATE OF SERVICE

Pursuant to Rules 6.3 and 9.5(b), (d), and (e) of the Texas Rules of Appellate Procedure, this is to certify that on this 9th day of March 2015, a true and correct copy of the foregoing was served on the following counsel of record by U.S. first class mail and by electronic delivery as follows:

Douglas Pritchett, Jr.
Lori Hood
Tamara Madden
Johnson, Trent, West & Taylor, L.L.P.
919 Milam Street, Suite 1700
Houston, TX 77002
dpritchett@johnsontrent.com

*Attorneys for Appellees John Moore Services, Inc. and John Moore Renovation, LLC*

*/s/ Lauren B. Harris*
Lauren B. Harris

4831030v2